IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JIMMY DUANE BURKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-CV-167-Z-BR |
| | § | |
| STATE FARM, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS**

Plaintiff filed his Complaint (ECF 3) on August 15, 2019 proceeding *pro se* and *in forma pauperis*. The undersigned recommends Plaintiff's complaint be dismissed.

Plaintiff is incarcerated at the Formby Unit in Plainview, Texas. (ECF 3 at 1, 3). Plaintiff brings this action against State Farm, for which Plaintiff lists an Atlanta, Georgia address, and Ashley Tyler, for which plaintiff lists a Pampa, Texas address. (*Id*. at 4). Plaintiff claims Ashley Tyler caused a collision that totaled his car. (*Id*.). Following the incident, Plaintiff claims State Farm resolved his claim with respect to his car, and offered him $6,500 with respect to the medical bills he incurred after the incident. (*Id*.). Plaintiff claims this amount is insufficient to cover the $8,539.36 worth of medical bills he incurred, lost wages, and pain and suffering. (*Id*.).

Unless otherwise provided by statute, federal court jurisdiction requires: (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 18 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Court must liberally

construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Even when construed liberally, Plaintiff's complaint fails to allege facts supporting federal question or diversity jurisdiction. Plaintiff does not refer to any federal cause of action by name, and the complaint's facts do not resemble those underlying a federal cause of action. Further, it appears both Plaintiff and Defendant Ashley Tyler are citizens of Texas. (ECF 3 at 4). Thus, Plaintiff has failed to establish diversity jurisdiction. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants.").

## RECOMMENDATION

For the above reasons, the Court recommends Plaintiff's complaint (ECF 3) be dismissed without prejudice for lack of subject matter jurisdiction.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 9, 2019.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the*

*fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).